UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| DEBORAH L. MOBERLY,<br><br>                           Plaintiff,<br>    v.<br><br>BANK OF AMERICA, N.A., and DOES 1-10, inclusive,<br><br>                        Defendants. | Case No. 3:15-cv-00122-MMD-WGC<br><br>ORDER |

## I.   SUMMARY

This quiet title action involves a dispute over the enforcement of a first deed of trust. Before the Court are Plaintiff Deborah L. Moberly's Motion for Partial Summary Judgment ("Plaintiff's Motion") and Defendant Bank of America, N.A.'s ("Defendant" or "BANA") Motion to Dismiss ("Defendant's Motion"). (Dkt. nos. 9, 11.) The Court has reviewed the parties' response and reply briefs. (Dkt. nos. 19, 21, 23, 24.) For the reasons discussed below, Defendant's Motion is granted in part and denied in part and Plaintiff's Motion is denied.

## II.   BACKGROUND

Plaintiff is the current owner of the property in dispute, which is located at 3345 Spring Creek Circle in Reno, Nevada ("the Property"). (Dkt. no. 9 at 3.) In March 2003, the prior owner, Victoria Mendoza ("Mendoza"), obtained a loan from First National Bank of Nevada ("First National") to purchase the Property. (*Id.* at 4.) Mendoza executed a promissory note ("First Note"), which was secured by a deed of trust ("First

1   DOT") on the Property. (*Id.*) The next year, Mendoza borrowed additional money from

2   First National and that indebtedness was effectuated with a second promissory note

3   ("Second Note") secured by a deed of trust that was subordinate to the First DOT

4   ("Second DOT"). (*Id.*; dkt. no. 32 at 5.)

5         The First DOT identified Mortgage Electronic Registration Systems, Inc.

6   ("MERS") as the beneficiary. (Dkt. no. 9 at 4.)  In January 2011, MERS recorded an

7   assignment of the First DOT to BAC Homes Servicing, LP FKA Countrywide Home

8   Loans Servicing LP ("BAC"). (*Id.*)  In July 2011, BAC merged with and into BANA. (Dkt.

9   no. 19 at 2.)  Mendoza defaulted on the First Note; as a result, Mendoza and BAC —

10  and then Mendoza and BANA — participated in Nevada's mandatory Foreclosure

11  Mediation Program ("FMP"). (Dkt. no. 9 at 4-7.)  In February 2014, the Nevada Supreme

12  Court issued a Certificate of No Foreclosure, which precluded BANA from proceeding

13  with the foreclosure because BANA had failed to bring certain required documents to

14  the mediation to establish its right to pursue foreclosure. (Dkt. no. 9 at 6.)

15        Meanwhile, Mutual Bank of Omaha ("Mutual") acquired ownership of the Second

16  Note and Second DOT. (Dkt. no. 32 at 5.)  (*Id.*)  Mendoza defaulted on the Second

17  Note. (Dkt. no. 19 at 2.)  Mutual ultimately obtained an order for judicial foreclosure, and

18  Plaintiff acquired the Property at the foreclosure sale in May 2014. (*Id.* at 3.)

19        Plaintiff moves for partial summary judgment, seeking resolution of four issues in

20  her favor. (Dkt. no. 9.)  BANA moves to dismiss for failure to state a claim. (Dkt. no. 11.)

21  While Plaintiff's Motion predates Defendant's by one day, the Court finds that it would

22  be more logical to address Defendant's Motion first because of Defendant's challenge to

23  the sufficiency of the pleadings.

24  **III.    DEFENDANT'S MOTION**

25        **A.    Legal Standard**

26        A court may dismiss a plaintiff's complaint for "failure to state a claim upon which

27  relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pleaded complaint must

28  provide "a short and plain statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual allegations, it demands more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Thus, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

In *Iqbal*, the Supreme Court clarified the two-step approach that district courts are to apply when considering motions to dismiss. First, a district court must accept as true all well-pleaded factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79. Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678. Second, a district court must consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint alleges facts that allow a court to draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. Where the complaint fails to "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'shown' — 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)) (alteration omitted). When the claims in a complaint have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570. A complaint must contain either direct or inferential allegations concerning "all the material elements necessary to sustain recovery under *some* viable legal theory." *Id.* at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

**B.    Discussion**

As an initial matter, the Court must address Plaintiff's incredible argument that Defendant's Motion should be denied because Defendant lacks standing to contest

1   Plaintiff's claims. (Dkt. no. 21 at 2.)   Plaintiff uses the term "standing" too loosely.

2   Plaintiff cannot sue Defendant to quiet title and then argue that Defendant is without

3   standing to defend the action by moving to dismiss.

4        The Court will next address Defendant's arguments relating to Plaintiff's three

5   claims.

6                    **1.    Quiet Title**

7        A quiet title action is a proper means to adjudicate competing interests in real

8   property. *See Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev.

9   2013); *Royal v. Countrywide Homes Loan, Inc.*, No. 2:10-cv-750-ECR-PAL, 2010 WL

10  5136013, at *2 (D. Nev. Dec. 9, 2010).

11       Defendant argues that Plaintiff fails to state a claim for quiet title because the

12  Complaint does not allege that the underlying debt has been satisfied, and because

13  Plaintiff took title subject to the First DOT, which is part of the public records. However,

14  "[a] plea to quiet title does not require any particular elements, but 'each party must

15  plead and prove his or her own claim to the property in question' and a 'plaintiff's right to

16  relief therefore depends on superiority of title.'  *Chapman*, 302 at 1106 (quoting *Yokeno*

17  *v. Mafnas,* 973 F.2d 803, 808 (9th Cir.1992)). Defendant's arguments thus go to the

18  merits of Plaintiff's claim, not the sufficiency of her pleadings.

19       Defendant also argues that Plaintiff's allegation that BANA failed to comply with

20  Nevada law does not give sufficient notice of her claim. The Court disagrees. The

21  Complaint alleges that BANA failed to provide the mandatory documents to establish its

22  right to foreclose on the Property and lacks standing to enforce the First DOT.[1] (Dkt. no.

23  32 at 6.)  These allegations sufficiently notify Defendant of Plaintiff's legal theories.

24  ///

25  ///

26  
27       [1]The Complaint alleges that BANA "purports to have acquired the ownership
interest in the Original [First] Note and Original [First] Deed of Trust." (Dkt. no. 32 ¶ 9.)
It does not allege how such right was acquired or acknowledge that BANA has valid
28  ownership of the First DOT.

4

1

2.      **Declaratory Relief**

2          Defendant argues that Plaintiff's claim for declaratory relief is not a proper claim

3   because declaratory relief is a remedy. Plaintiff counters that she is seeking declaratory

4   relief under NRS §§ 30.030 and 30.040.

5          Section 30.030 of the Nevada Revised Statutes authorizes courts to "declare

6   rights" and provides that "declaration may be either affirmative or negative in form" and

7   "shall have the force and effect of a final judgment or decree." NRS § 30.030.

8   Section 30.040(1) provides, in pertinent part, that "[a]ny person interested under a deed,

9   . . . may have determined any question of construction or validity arising under the

10   instrument . . . and obtain a declaration of rights, status or other legal relations

11   thereunder." NRS § 30.040(1). "Declaratory relief is available only if: (1) a justiciable

12   controversy exists between persons with adverse interests, (2) the party seeking

13   declaratory relief has a legally protectable interest in the controversy, and (3) the issue

14   is ripe for judicial determination." *County of Clark ex rel. Univ. Med. Ctr. v. Upchurch*,

15   961 P.2d 754, 756 (Nev. 1998). The Complaint asserts these threshold allegations.

16          Plaintiff argues that her declaratory relief claim — in which she asks the Court to

17   make certain declarations relating to BANA's standing to enforce the First DOT and

18   BANA's rights and conduct in connection with the DOT — falls within NRS § 30.040(1).

19   BANA does not appear to dispute this contention, nor does BANA dispute that the

20   requested declarations involve "question[s] of construction or validity arising under the

21   instrument" under NRS § 30.040(1).[2] Accordingly, the Court finds that Plaintiff has

22   sufficiently stated a claim for declaratory relief.

23

3.      **Injunctive Relief**

24          The Court agrees with Defendant that injunctive relief is a remedy, not a proper

25   claim. *See In re Wal-Mart Wage & Hour Emp't Practices Litig.*, 490 F. Supp. 2d 1091,

26   ///

27

---

28          [2]BANA's reply focuses on the merits of the declaratory relief claim, not the
sufficiency of the pleading.

1  1130 (D. Nev. 2007) (noting that a request for injunctive relief "is not a separate cause

2  of action" or "an independent ground for relief"). This claim will be dismissed.

3  **IV.    PLAINTIFF'S MOTION**

4        **A.    Legal Standard**

5        "The purpose of summary judgment is to avoid unnecessary trials when there is

6  no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*,

7  18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when the

8  pleadings, the discovery and disclosure materials on file, and any affidavits "show that

9  there is no genuine issue as to any material fact and that the moving party is entitled to

10  a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An

11  issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable fact-

12  finder could find for the nonmoving party and a dispute is "material" if it could affect the

13  outcome of the suit under the governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

14  242, 248 (1986). Where reasonable minds could differ on the material facts at issue,

15  however, summary judgment is not appropriate. *See id.* at 250-51. "The amount of

16  evidence necessary to raise a genuine issue of material fact is enough 'to require a jury

17  or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v.

18  Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (quoting *First Nat'l Bank v. Cities Serv.

19  Co.*, 391 U.S. 253, 288-89 (1968)). In evaluating a summary judgment motion, a court

20  views all facts and draws all inferences in the light most favorable to the nonmoving

21  party. *Kaiser Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir.

22  1986).

23        The moving party bears the burden of showing that there are no genuine issues

24  of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once

25  the moving party satisfies Rule 56's requirements, the burden shifts to the party

26  resisting the motion to "set forth specific facts showing that there is a genuine issue for

27  trial." *Anderson*, 477 U.S. at 256. The nonmoving party "may not rely on denials in the

28  pleadings but must produce specific evidence, through affidavits or admissible

discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient." *Anderson*, 477 U.S. at 252.

### B.    Discussion

Plaintiff requests resolution of four issues involving enforcement of the First DOT: (1) whether BANA is the beneficiary of record; (2) whether BANA failed to comply with the FMP; (3) whether BANA failed to mitigate; and (4) whether BANA engaged in laches. The Court declines to resolve these issues in Plaintiff's favor.

### 1.    Beneficiary of Record under the Original DOT

Plaintiff presents the first issue as follows: "Is BOA [BANA] precluded from enforcing the Deed of Trust because it is not the beneficiary of record under the Deed of Trust?" (Dkt. no. 9 at 2.)   Plaintiff then argues, however, that Nevada's foreclosure statutes require "strict compliance," such that BANA cannot pursue non-judicial foreclose under the First DOT because it is not the beneficiary of record under the First DOT. (*Id.* at 7-8; dkt. no. 23 at 7-8.)  As support, Plaintiff cites to NRS § 106.210, which addresses recording of reassignment of a mortgage, Chapter 107 of the Nevada Revised Statutes, which in part covers the recording of any mortgage assignment, as well as case law construing Nevada's non-judicial foreclosure statutes. (*Id.)*  There are two problems with Plaintiff's argument. First, Plaintiff's argument fails to relate to the question presented, which goes to enforcement of the First DOT, not foreclosure under the First Note and the First DOT. Second, Plaintiff is not challenging a foreclosure action under the First DOT. In fact, Plaintiff essentially acknowledges that no foreclosure proceeding is pending. (Dkt. no. 32 at 5-7.)  Plaintiff argues that BANA's merger with BAC does not cover any assignment of the First DOT from BAC to BANA, which would have allowed BANA to pursue non-judicial foreclosure. Thus even

accepting, without deciding, that BANA cannot pursue a non-judicial foreclosure because it is not the beneficiary of record under the First DOT, that determination does not resolve the dispute presented in Plaintiff's quiet title claim as to the parties' respective interests in the Property.

### 2.   Compliance with FMP

Plaintiff argues that because BANA failed to comply with the FMP by providing the recorded assignment of the First DOT, and later failed to challenge the Certificate of No Foreclosure, BANA is barred from pursuing non-judicial foreclosure and enforcing the First DOT. (Dkt. no. 9 at 9-10.)  Again, Plaintiff collapses the right to proceed with non-judicial foreclosure with the ability to enforce the First DOT. Moreover, the Nevada Supreme Court has found that "[d]enial of an FMP certificate does not, without more, permanently preclude foreclosure." *Holt v. Reg'l Trustee Servs. Corp.*, 266 P.3d 602, 605 (Nev. 2011). In fact, "[n]othing in the FMP statutes or rules suggests that denial of an FMP certificate permanently costs a lender the security afforded by the deed of trust." *Id.* at 607. Plaintiff's request for a finding that BANA's failure to comply with the FMP precludes it from enforcing the First DOT is denied.

### 3.   Failure to Mitigate

Plaintiff argues that BANA is precluded from enforcing the First DOT because it failed to mitigate its damages. Plaintiff cites to cases that bar recovery of damages by a party that failed to mitigate its damages. (Dkt. no. 9 at 11.)  But BANA is not seeking to recover damages in this case. Nor is Plaintiff, for that matter, since the surviving claims are for quiet title and declaratory relief.

Setting aside the lack of any nexus between BANA's purported failure to mitigate and the enforcement of the First DOT, the Court finds that there is a genuine issue of material fact as to whether BANA unreasonably delayed in pursuing its rights under the First DOT. Mendoza defaulted under the First Note around November 2010. (Dkt. no. 9 at 4.)  In October 2011, BAC initiated foreclosure proceedings and obtained the FMP Certificate to proceed with foreclosure, but never did. (*Id.* at 5.)  Nearly two years later,

8

1     in September 2013, BANA initiated foreclosure, but failed to comply with the FMP and,

2     as a result, the Nevada Supreme Court issued the Certificate of No Foreclosure in

3     February 2014. (*Id.* at 5-6.)   BANA argues that Plaintiff cannot challenge any delay

4     during that time frame because she did not have any interest in the Property. Viewing

5     this evidence in the light most favorable to BANA, the Court cannot find that BANA

6     undisputedly failed to timely take actions to enforce its rights under the First Note and

7     the First DOT. Indeed, the delay may have worked to the benefit of Mendoza, the

8     former owner of the Property, assuming she had possession and use of the Property

9     despite her default.

10                 **4.**    **Laches**

11        The final issue presented in Plaintiff's Motion is the contention that BANA cannot

12     enforce the First DOT under the doctrine of laches.   "Laches is an equitable doctrine

13     which may be invoked when delay by one party works to the disadvantage of the other,

14     causing a change of circumstances which would make the grant of relief to the delaying

15     party inequitable."[3]  *Bldg. & Constr. Trades Council v. Nevada ex rel. Pub. Works Bd.*,

16     836 P.2d 633, 636-37 (Nev. 1992). "Thus, laches is more than a mere delay in seeking

17     to enforce one's rights; it is a delay that works to the disadvantage of another." *Carson*

18     *City v. Price*, 934 P.2d 1042, 1043 (Nev. 1997).

19        Viewing the evidence in the light most favorable to BANA, the Court finds that a

20     genuine issue of material fact exists as to whether BANA engaged in an unreasonable

21     delay in enforcing its right that works to the detriment of Plaintiff. As noted, BANA's

22     delay in asserting its rights before Plaintiff acquired the Property may very well have

23     benefited the prior owner of the Property. Moreover, Plaintiff acquired the Property with

24     at least constructive notice of the First DOT — a lien on the Property.[4]

25

26                 [3]It is not clear that the doctrine of laches may be affirmatively asserted by a plaintiff, but BANA did not raise this point.

27                 [4]A "deed of trust does not convey title so as to allow the beneficiary to obtain the property without foreclosure and sale, but is considered merely a lien on the property as security for the debt, subject to the laws on foreclosure and sale." *Edelstein v. Bank of*

28     *New York Mellon*, 286 P.3d 249, 254 (Nev. 2012).

# V.    CONCLUSION

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the parties' motions.

It is ordered that Defendant's Motion to Dismiss (dkt. no. 11) is granted with respect to the second claim for relief (injunctive relief) and denied with respect to the remaining two claims. It is further ordered that Plaintiff's Motion for Partial Summary Judgment (dkt. no. 9) is denied.

DATED THIS 11th day of January 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE